IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>**TRADD ALEXANDER KINNEY**<br>**BLAIR ALLEN GARNER**<br>**MICHAEL DAVID MCGINNIS, III**<br>**MICHAEL BROOKS MCEVOY, JR**<br>**ETHAN THOMAS GLOVER** | CRIMINAL NO.: 2:25-cr-537<br><br>18 U.S.C. § 2<br>18 U.S.C. § 371<br>18 U.S.C. § 922(a)(6)<br>18 U.S.C. § 924(a)(2)<br>18 U.S.C. § 924(d)(1)<br>18 U.S.C. § 981(a)(1)(C)<br>28 U.S.C. § 2461(c)<br><br>**INDICTMENT** |

## COUNT 1

THE GRAND JURY CHARGES:

Beginning in or about June of 2022, and continuing up to an including the date of this Indictment, in the District of South Carolina, the Defendants, **TRADD ALEXANDER KINNEY, BLAIR ALLEN GARNER, MICHAEL DAVID McGINNIS, III, MICHAEL BROOKS McEVOY, JR., and ETHAN THOMAS GLOVER,** and others both known and unknown to the grand jury, as principals and/or aiders and abettors, did knowingly and intentionally conspire and agree together to commit offenses against the United States, namely to engage in knowingly making false statements to a federal firearm licensee, in violation of Title 18, United States Code, Section 922(a)(6).

1

<u>Object and Purpose of the Conspiracy</u>

The object of the conspiracy was to knowingly make a false or fictitious oral or written statement in connection with the acquisition and attempted acquisition of firearms from a federally licensed firearms dealer, with the intent to deceive the dealer with respect to a fact material to the lawfulness of the sale and disposition of the firearm. The principal purpose of the conspiracy was to purchase firearms for individuals who could not lawfully purchase the firearms.

<u>Manner and Means</u>

It was part of the conspiracy that **BLAIR ALLEN GARNER** did agree to purchase a firearm for **MICHAEL BROOKS McEVOY, JR.** It was further part of the conspiracy that **MICHAEL BROOKS McEVOY, JR.** instructed **BLAIR ALLEN GARNER** to purchase a specific firearm. It was further part of the conspiracy that **BLAIR ALLEN GARNER** did knowingly and intentionally make a false statement in connection with the acquisition of the firearm to deceive the firearm dealer with respect to a fact material to the lawfulness of the sale and disposition of the firearm. It was further part of the conspiracy that **BLAIR ALLEN GARNER** purchased the firearm on behalf of **MICHAEL BROOKS McEVOY, JR.**, who could not lawfully purchase the firearm at the time. It was further part of the conspiracy that once **BLAIR ALLEN GARNER** had purchased the firearm, he would transfer it to **MICHAEL BROOKS McEVOY, JR.**

It was also part of the conspiracy that **MICHAEL DAVID McGINNIS, III** did agree to purchase a firearm for **TRADD ALEXANDER KINNEY**. It was further part of the conspiracy that **TRADD ALEXANDER KINNEY** instructed **MICHAEL DAVID McGINNIS, III** to purchase a specific firearm. It was further part of the conspiracy that **MICHAEL DAVID McGINNIS, III** did knowingly and intentionally make a false statement in connection with the

acquisition of the firearm to deceive the firearm dealer with respect to a fact material to the lawfulness of the sale and disposition of the firearm. It was further part of the conspiracy that **MICHAEL DAVID McGINNIS, III** purchased the firearm on behalf of **TRADD ALEXANDER KINNEY**, who could not lawfully purchase the firearm at the time. It was further part of the conspiracy that once **MICHAEL DAVID McGINNIS, III** had purchased the firearm, he would transfer it to **TRADD ALEXANDER KINNEY**.

It was also part of the conspiracy that **TRADD ALEXANDER KINNEY** did agree to purchase a firearm for **ETHAN THOMAS GLOVER**. It was further part of the conspiracy that **ETHAN THOMAS GLOVER** instructed **TRADD ALEXANDER KINNEY** to purchase a specific firearm. It was further part of the conspiracy that **TRADD ALEXANDER KINNEY** did knowingly and intentionally make a false statement in connection with the acquisition of the firearm to deceive the firearm dealer with respect to a fact material to the lawfulness of the sale and disposition of the firearm. It was further part of the conspiracy that **TRADD ALEXANDER KINNEY** purchased the firearm on behalf of **ETHAN THOMAS GLOVER**, who could not lawfully purchase the firearm at the time. It was further part of the conspiracy that once **TRADD ALEXANDER KINNEY** had purchased the firearm, he would transfer it to **ETHAN THOMAS GLOVER**.

Overt Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the District of South Carolina:

1. On or about November 4, 2022, **BLAIR ALLEN GARNER** did knowingly and intentionally make a false statement in connection with the acquisition of a firearm to deceive the firearm dealer with respect to a material fact to the lawfulness of the sale and

disposition of the firearm, as charged in Count 2 of this Indictment, which is fully incorporated by reference herein, and that **BLAIR ALLEN GARNER** did purchase the firearm at the instruction of **MICHAEL BROOKS McEVOY, JR.**, who could not lawfully purchase the firearm at this time.

2. On or about August 29, 2023, **MICHAEL DAVID McGINNIS, III** did knowingly and intentionally make a false statement in connection with the acquisition of a firearm to deceive the firearm dealer with respect to a material fact to the lawfulness of the sale and disposition of the firearm, as charged in Count 3 of this Indictment, which is fully incorporated by reference herein, and that **MICHAEL DAVID McGINNIS, III** did purchase the firearm at the instruction of **TRADD ALEXANDER KINNEY**, who could not lawfully purchase the firearm at this time.

3. On or about August 22, 2024, **TRADD ALEXANDER KINNEY** did knowingly and intentionally make a false statement in connection with the acquisition of a firearm to deceive the firearm dealer with respect to a material fact to the lawfulness of the sale and disposition of the firearm, as charged in Count 4 of this Indictment, which is fully incorporated by reference herein, and that **TRADD ALEXANDER KINNEY** did purchase the firearm at the instruction of **ETHAN THOMAS GLOVER**, who could not lawfully purchase the firearm at this time.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about November 4, 2022, in the District of South Carolina, the Defendant, **BLAIR ALLEN GARNER**, did knowingly make a false statement in connection with the acquisition and attempted acquisition of a Glock 17, 9mm pistol, from a licensed dealer, which was intended and likely to deceive the said dealer with respect to a fact material to the lawfulness of the sale and disposition of the firearm under the provisions of Chapter 44 of Title 18, United States Code, in that the Defendant, **BLAIR ALLEN GARNER,** did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the true purchaser of the firearms listed below, whereas in truth and in fact, he was not the true purchaser;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## **COUNT 3**

THE GRAND JURY FURTHER CHARGES:

That on or about August 29, 2023, in the District of South Carolina, the Defendant, **MICHAEL DAVID McGINNIS, III,** did knowingly make a false statement in connection with the acquisition and attempted acquisition of a Smith and Wesson, model 637-2, .38 caliber revolver, from a licensed dealer, which was intended and likely to deceive the said dealer with respect to a fact material to the lawfulness of the sale and disposition of the firearm under the provisions of Chapter 44 of Title 18, United States Code, in that the Defendant, **MICHAEL DAVID McGINNIS, III,** did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the true purchaser of the firearms listed below, whereas in truth and in fact, he was not the true purchaser;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about August 22, 2024, in the District of South Carolina, the Defendant, **TRADD ALEXANDER KINNEY** did knowingly make a false statement in connection with the acquisition and attempted acquisition of a Glock 19, 9mm pistol, from a licensed dealer, which was intended and likely to deceive the said dealer with respect to a fact material to the lawfulness of the sale and disposition of the firearm under the provisions of Chapter 44 of Title 18, United States Code, in that the Defendant, **TRADD ALEXANDER KINNEY,** did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the true purchaser of the firearms listed below, whereas in truth and in fact, he was not the true purchaser;

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## FORFEITURE

CONSPIRACY/FIREARM OFFENSES:

Upon conviction to violate Title 18, United States Code, Sections 371 (conspiracy to violate 18 U.S.C. § 922(a)(6)) and 922(a)(6) as charged in this Indictment, the Defendants, **TRADD ALEXANDER KINNEY, BLAIR ALLEN GARNER, MICHAEL DAVID McGINNIS, III, MICHAEL BROOKS McEVOY, JR.,** and **ETHAN THOMAS GLOVER**, shall forfeit to the United States any property, real or personal, which constitutes, is traceable, or is derived from any proceeds the Defendants obtained, directly or indirectly, as the result of the conspiracy offense, and all of the Defendants' rights, title, and interest in and to any firearms and ammunition (as defined in 18 U.S.C. § 921) –involved in or used in any knowing violation of 18 U.S.C. § 922, or violation of any other criminal law of the United States, or intended to be used in a crime of violence.

PROPERTY:

Pursuant to 18 U.S.C. §§ 371 and 981(a)(1)(C), and 28 U.S.C. § 2461(c), the property which is subject to forfeiture for the offenses charged in this Indictment includes, but is not limited to, the following:

> Cash Proceeds / Forfeiture Judgment:
>
> A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the conspiracy offense charged in this Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to their violation of 18 U.S.C. §§ 371 and 922.

8

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of a Defendant-

    A. Cannot be located upon the exercise of due diligence;
    B. Has been transferred or sold to, or deposited with, a third person;
    C. Has been placed beyond the jurisdiction of the court;
    D. Has been substantially diminished in value; or
    E. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants up to the value of the forfeitable property.

Pursuant to Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A  True  BILL

FOREPERSON

BROOK B. ANDREWS
ACTING UNITED STATES ATTORNEY

By: _____
Christopher Lietzow (# 12301)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, SC 29401
Tel.: (843) 727-4381
Email: christopher.lietzow@usdoj.gov

9